STATE OF MINNESOTA     FILED     DISTRICT COURT
MINNEAPOLIS, MINN

COUNTY OF HENNEPIN    2016 JUN 10 AM 10:58    FOURTH JUDICIAL DISTRICT

CITY CLERK
DEPARTMENT

Case Type: Civil Rights

---

| Alan Morrison, | Civil File No. _____ |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| City of Minneapolis and Christopher Steward, | **JURY TRIAL REQUESTED** |
| Defendants. | |

---

## THE PARTIES

1. Plaintiff is an adult male who currently resides and has resided in Minnesota at all times relevant to this action.

2. Defendant Christopher Steward is an adult who at all times relevant to the allegations set forth in this Complaint was acting under color of state law in his capacity as a law enforcement officer employed by the City of Minneapolis, Minnesota. Plaintiff is suing him in his individual capacity.

3. Defendant City of Minneapolis is a political subdivision of the State of Minnesota. Minneapolis employed Defendant Steward as a police officer at all times relevant to this action. Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of Defendant Steward. Minneapolis is a political subdivision charged with training and supervising law enforcement officers. Minneapolis has established and

Morrison Exhibit 2 Complaint

implemented, or delegated the responsibility for establishing and implementing, policies, practices, procedures, and customs used by law enforcement officers employed by Minneapolis regarding seizures and the use of force. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION AND VENUE

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988, and federal and state common law. This is also an action for an injunction, civil penalties, exemplary damages, and an award of attorneys' fees under the Minnesota Government Data Practices Act ("MGDPA"), Minnesota Statutes, Chapter 13. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

## GENERAL ALLEGATIONS

5. On June 23, 2014, at approximately 4:59 p.m., Defendant Steward assisted another squad at 1714 Glenwood Ave. N in Minneapolis, Minnesota.

6. The original call was to assist Child Protection, who was there investigating someone who had been sexually assaulted.

7. Upon arrival, Defendant Steward observed Officer McCarthy and Officer Meath standing in the front of 1714 Glenwood Ave. N.

8. Defendant Steward approached the house and stood behind Plaintiff, who was pacing the front yard of the address.

Morrison Exhibit 2 Complaint

9. Officers circled Plaintiff.

10. Plaintiff was informed that he was under arrest.

11. At the same time Plaintiff was informed he was under arrest, Defendant Steward came up from behind Plaintiff, placed one arm around Plaintiff's neck, held the wrist of that arm with his other hand, and used his lower forearm and bicep muscle to apply pressure at the front of Plaintiff's neck or on Plaintiff's carotid arteries located on the sides of Plaintiff's neck.

12. Defendant Steward proceeded to take Plaintiff down to the ground.

13. Plaintiff was taken into custody.

14. Plaintiff was booked at the Hennepin County Jail on a misdemeanor obstructing legal process charge.

15. Plaintiff's misdemeanor obstructing legal process charge was dismissed.

16. Since June 23, 2014, Plaintiff has asked the City of Minneapolis to provide him with all video footage and use of force reports, if any, related to his arrest on June 23, 2014.

17. To the best of Plaintiff's knowledge, Minneapolis has not provided him with a complete copy of the video footage related to his arrest.

18. To the best of Plaintiff's knowledge, Minneapolis has not provided him with of any copy of the use of force report related to his arrest.

Morrison Exhibit 2 Complaint

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST

19. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

20. Defendants, acting under color of state law, arrested Plaintiff without a warrant.

21. At the time Defendants arrested Plaintiff without a warrant, it was clearly established that a warrantless arrest complies with the Fourth Amendment only "if it is supported by probable cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

22. Defendants did not have probable cause, or even arguable probable cause, to arrest Plaintiff.

23. The obstruction of legal process statute proscribes a person from obstructing, hindering, or preventing apprehension of another on a charge or conviction of a criminal offense. Minn. Stat § 609.50, subd. 1(1).

24. Plaintiff did not obstruct, hinder, or prevent the apprehension of another on a charge or conviction of a criminal offense.

25. As a proximate cause of Defendants' violation of Plaintiff's rights as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff was arrested and held in jail, thereby entitling Plaintiff to recover damages.

Morrison Exhibit 2 Complaint

**COUNT II**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE**

26. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

27. Defendant Steward, acting under color of state law, used force against Plaintiff.

28. This use of force was excessive because it was not reasonably necessary under the circumstances.

29. Plaintiff was harmed as a direct result of this excessive use of force.

30. At the time of this excessive use of force, it was clearly established that the Fourth Amendment guarantees the right to be free from unreasonable seizures, which includes the right to be free from excessive force by police officers.

31. As a proximate cause of Defendant Steward's violation of Plaintiff's rights as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff experienced physical and emotional harm, thereby entitling Plaintiff to recover damages.

**COUNT III**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS – FIRST AMENDMENT RETALIATION**

32. Plaintiff restates the allegations contained in the previous paragraphs as if fully incorporated herein.

Morrison Exhibit 2 Complaint

33. Plaintiff's seizure, which was a false arrest, was in retaliation for protected activity. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010).

34. Specifically, Plaintiff stated to officers that they could not seize his child without a warrant or the existence of probable cause (to believe his child was in imminent danger of harm), one or more government officials arrested him without probable cause or arguable probable cause, and the arrest was motivated at least in part by Plaintiff's protected activity.

35. At the time of Plaintiff's seizure, it was clearly established that police officers violate the First Amendment by arresting someone without a warrant or probable cause (or arguable probable cause) and in retaliation for a lawful exercise of his or her First Amendment rights.

36. Defendants also used force against Plaintiff, which was excessive, in retaliation for Plaintiff's lawful exercise of his First Amendment rights.

37. Specifically, Plaintiff stated to officers that they could not seize his child without a warrant or the existence of probable cause (to believe his child was in imminent danger of harm), Defendants used excessive force against him, and the excessive force was motivated at least in part by Plaintiff's protected activity.

38. At the time of Plaintiff's seizure, it was clearly established that police officers violate the First Amendment by using excessive force against someone in retaliation for a lawful exercise of his or her First Amendment rights.

Morrison Exhibit 2 Complaint

39. As a proximate cause of Defendants' violation of Plaintiff's rights as protected by the First and Fourteenth Amendments to the U.S. Constitution, Plaintiff experienced physical and emotional harm, thereby entitling Plaintiff to recover damages.

### COUNT IV
### FALSE IMPRISONMENT

40. Plaintiff restates the preceding paragraphs as though fully stated herein.

41. Defendants intentionally restricted Plaintiff's physical liberty by words or acts.

42. Plaintiff was aware of or was harmed by these words or acts of Defendants.

43. There was no reasonable means of escape known to Plaintiff.

44. Plaintiff's arrest was made without proper legal authority.

45. As a proximate cause of Defendants' false imprisonment of Plaintiff, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

### COUNT V
### BATTERY

46. Plaintiff restates the preceding paragraphs as though fully stated herein.

47. Defendant Steward caused harmful or offensive contact with Plaintiff.

48. As a proximate cause of Defendant Steward's battery of Plaintiff, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

Morrison Exhibit 2 Complaint

## COUNT VI
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – UNREASONABLE SEIZURE

49. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

50. Plaintiff was unlawfully detained and unreasonably seized in violation of his Fourth Amendment rights.

51. At the time Defendant Steward seized Plaintiff, there was no indication that he had committed, or was about to commit, a crime.

52. There was no basis under *Terry v. Ohio*, 392 U.S. 1 (1968), to stop and later search him.

53. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate to the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *United States v. Royer*, 460 U.S. 491, 500 (1983).

54. A reasonably prudent person under the circumstances Defendant Steward faced would not have been warranted in the belief that his or her safety, or that of others, was in danger.

55. Defendant Steward did not have reasonable suspicion that criminal activity was afoot and that Plaintiff was armed and dangerous.

56. At the time of Defendant Steward's unreasonable seizure of Plaintiff, it was clearly established that seizing someone in the absence of a reasonable suspicion of criminal activity violated the Fourth Amendment.

Morrison Exhibit 2 Complaint

57.  As a proximate cause of Defendants' unreasonable seizure of Plaintiff, Plaintiff suffered harm, thereby entitling Plaintiff to recover damages.

## COUNT VII
## LIABILITY OF DEFENDANT CITY OF MINNEAPOLIS FOR CONSTITUTIONAL VIOLATIONS

58.  Plaintiff restates the preceding paragraphs as though fully stated herein.

59.  At all times material to this complaint, Defendant City of Minneapolis, acting through its police department, and through the individual defendant, had *de facto* policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct alleged herein.

60.  At all times material to this complaint, Defendant City of Minneapolis, acting through its police department, and through the individual defendant, had *de facto* policies, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendant's supervisors of their need to train, screen, supervise, or discipline said defendant. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61.  At all times material to this complaint, Defendant City of Minneapolis, acting through its police department, and through the individual defendant, had *de facto* policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or

Morrison Exhibit 2 Complaint

through a code of silence. Such policies, practices, customs, and/or usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced physical and emotional harm, and was otherwise damaged and injured.

### COUNT VIII
### VIOLATION OF THE MINNESOTA GOVERNMENT DATA PRACTICES ACT, MINNESOTA STATUTES, CHAPTER 13

63. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

64. The MGDPA mandates that "[a]ll government data collected, created, received, maintained or disseminated by a government entity shall be public."[1]

65. The MGDPA states that "any aggrieved person seeking to . . . obtain access to data may bring an action in district court to compel compliance" with the Act.[2]

66. An entire document may be withheld under the MGDPA only when public and nonpublic information is so inextricably intertwined that segregation of the material would impose a significant financial burden and leave the remaining part of the document with little informational value.[3]

---

[1] Minn. Stat. § 13.03, subd. 1.
[2] Minn. Stat. § 13.08, subd. 4(a).
[3] *Northwest Publications Inc. v. City of Bloomington*, 499 N.W.2d 509, 511 (Minn. Ct. App. 1993).

Morrison Exhibit 2 Complaint

67. The remedies for a violation of the MGDPA include injunctive relief, civil penalties, exemplary damages, and an award of reasonable costs and attorneys' fees.[4]

68. Minneapolis is a government entity whose records are considered government data subject to the MGDPA.[5]

69. As such, Minneapolis must respond to a data requests from an individuals who is the subject of the data "immediately, if possible, . . . or within ten days of the date of the request, excluding Saturdays, Sundays and legal holidays, if immediate compliance is not possible."[6]

70. Plaintiff requested specific data from Minneapolis.

71. Minneapolis is violating the MGDPA by failing to provide the data Plaintiff requested.

72. Plaintiff has suffered damages as a result of this violation of the MGDPA.

73. The time and money Plaintiff has spent repeatedly requesting, and hiring an attorney to obtain, the data at issue has thus far been wasted.

### COUNT IX
### WILLFUL VIOLATION OF THE MINNESOTA GOVERNMENT DATA PRACTICES ACT, MINNESOTA STATUTES, CHAPTER 13

74. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

---

[4] Minn. Stat. § 13.08, subd. 2, 4.
[5] Minn. Stat. § 13.02.
[6] Minn. Stat. § 13.04, subd. 3.

Morrison Exhibit 2 Complaint

75. As stated above, the MGDPA provides additional remedies for willful violations of the Act.

76. The responsible party can be held liable for exemplary damages ranging from $1,000 to $15,000 for each willful violation.[7]

77. A willful violation also constitutes just cause for suspension of the responsible employee without pay.[8]

78. Plaintiff has suffered damages as a result of Minneapolis' willful violation of the MGDPA.

79. The time and money Plaintiff has spent repeatedly requesting, and hiring an attorney to obtain, the data at issue has thus far been wasted.

80. Minneapolis should be held liable for exemplary damages as a result of its willful violation of the MGDPA.

## JURY DEMAND

81. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on his claims against Defendants in an amount exceeding $50,000, including litigation expenses and attorneys' fees, the exact amount to be proven at trial;

---

[7] Minn. Stat. § 13.08, subd. 1.
[8] Minn. Stat. § 13.09.

Morrison Exhibit 2 Complaint

2. Declare that Defendants' conduct, as set forth above, violated 42 U.S.C. § 1983 and the MGDPA;

3. Compel Minneapolis to produce data responsive to Plaintiff's data requests within 60 days;

4. Declare that Minneapolis willfully violated the MGDPA and is subject to exemplary damages pursuant to Minn. Stat. § 13.08, subd. 1;

5. Award Plaintiff damages to compensate him for the harm he suffered as a result of Defendants' unlawful conduct;

6. If Defendants remove this case to federal court, award Plaintiff punitive damages with respect to his claims under federal law, the exact amount to be proven at trial;

7. Grant Plaintiff leave to amend this Complaint to include a claim for punitive damages, the exact amount to be proven at trial;

8. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, costs, and disbursements, pursuant to 42 U.S.C. § 1988 and Minn. Stat. § 13.08;

9. Grant Plaintiff all statutory relief to which he is entitled;

10. Grant Plaintiff leave to amend this Complaint to supplement any factual deficiencies or otherwise address any pleading deficiencies herein; and

11. Grant any other relief the Court deems just and equitable.

Morrison Exhibit 2 Complaint

Dated: June 7, 2016

*[signature: Tim Phillips]*

_____
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Morrison Exhibit 2 Complaint

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: June 7, 2016

*/s/ Tim M. Phillips*

Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Morrison Exhibit 2 Complaint