UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Alan Morrison,                                              Civ. No. 16-2242 (PAM/SER)

                Plaintiff,

v.                                                                                    **ORDER**

City of Minneapolis and Christopher
Steward,

                Defendants.

---

Summary judgment was entered in this matter on behalf of Defendants in January 2018. (See Docket No. 51.) For the past eight years, Plaintiff Alan Morrison has sought repeatedly to have that judgment reversed, vacated, or otherwise invalidated, all to no avail. Now, once again, Morrison has filed a slew of motions in a case that long ago should have gone dormant for good.

The motions filed by Morrison can be grouped, roughly, into two categories. In the first category of motions, Morrison again would like the Court to revisit the judgment entered in this matter. The Court could do so only pursuant to Rule 60(b)(4)–(6) of the Federal Rules of Civil Procedure, and Morrison has not established that any of those provisions necessitates that the judgment be vacated. The judgment entered in this matter eight years ago will not be disturbed.

In the second category of motions, Morrison seeks ancillary forms of relief that, if granted, would not necessarily call into question the validity of the judgment in this matter.

1

Each of these motions are denied as well.  The Court has already rejected (repeatedly) Morrison's requests for unsealing of certain records in this case, and nothing in the most recent motions convinces the Court that these earlier decisions were mistaken.  Morrison has not plausibly alleged that Defendants or Defendants' counsel has engaged in sanctionable conduct.  Appointment of counsel, as Morrison requests, would not serve any useful purpose, because an attorney cannot do anything helpful on Morrison's behalf at this point.  Each of the motions filed by Morrison will therefore be denied.

Finally, Morrison has had more than adequate opportunity to seek relief from the judgment in this matter in the eight years since that judgment was entered.  The order of dismissal can no longer be appealed, and the judgment will not be revisited pursuant to Rule 60(b).  There is no reasonable basis upon which Morrison should continue to file motions (or anything else) in this matter.  Accordingly, Morrison will be restricted from filing documents in this matter[1] absent the advance permission of the Court.  Any documents submitted by Morrison for filing in this matter that are not authorized by the Court will be disposed of.  This case is over.

---

[1] This restriction order does not apply to any notice of appeal that Morrison might file seeking review of this order.  But Morrison will not be granted in forma pauperis status by this Court on appeal.  See 28 U.S.C. § 1915(a)(3).

2

Accordingly, **IT IS HEREBY ORDERED that:**

1.  Each of the pending motions of Plaintiff Alan Morrison (Docket Nos. 111, 112, 113, 115, 116, 117, 118, 119, 123, 124, 125, 126, 127, 128, 129, 130, 131, and 132) are **DENIED**; and

2.  Morrison is **RESTRICTED** from filing documents in this matter absent advance permission of the Court.

Dated: <u>March 26, 2026</u>                      *s/ Paul A. Magnuson*

                                             Paul A. Magnuson
                                             United States District Court Judge